# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

HENRY MORGAN,
Defendant and Appellant.

S286493

First Appellate District, Division One
A166435

Sonoma County Superior Court
SCR7469261

---

February 26, 2026

Justice Evans authored the opinion of the Court, in which Chief Justice Guerrero and Justices Corrigan, Liu, Kruger, Groban, and Tucher* concurred.

---

_____

\*      Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

PEOPLE v. MORGAN

S286493


Opinion of the Court by Evans, J.


During a confrontation with law enforcement, defendant Henry Morgan aimed a firearm at police officers, "racked" its slide, and pulled the trigger. The weapon did not discharge and when officers eventually recovered it, it was unloaded. Defendant was convicted of resisting an officer by "the use of force or violence" pursuant to Penal Code section 69, subdivision (a).[1] He challenges his conviction, arguing that assault (§ 240) is a lesser included offense of resisting an officer by force or violence. He asserts that because there was no evidence the weapon was loaded, he could not be convicted of assault and therefore could not be convicted of resisting an officer under section 69, subdivision (a) (section 69(a)).

We conclude that assault is not a lesser included offense of resisting an officer by force or violence. Specifically, resisting by force or violence does not require the "present ability" (§ 240) to commit a violent injury, an essential element of assault. The text of section 69, read in context with other provisions of the Penal Code and the statute's purpose of proscribing forceful or violent conduct that hinders law enforcement, compels this interpretation.

In a published opinion, the Court of Appeal reached the same conclusion. (*People v. Morgan* (2024) 103 Cal.App.5th 488,

---

[1]    All undesignated references are to the Penal Code.

508, 513 (*Morgan*).)  In its ruling, the Court of Appeal criticized *People v. Brown* (2016) 245 Cal.App.4th 140 (*Brown*), in which a different Court of Appeal had accepted the People's concession that assault is a lesser included offense of resisting an officer by use of force or violence.[2]  (*Morgan*, at pp. 504–505.)  We conclude that assault is not a lesser included offense of resisting an officer by force or violence because such resistance does not require a present ability to cause injury.  We disapprove *People v. Brown*, *supra,* 245 Cal.App.4th 140, to the extent it is inconsistent with our reasoning.[3]

## I.

Since its enactment in 1872, section 240 has defined assault as an "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."  Assault does not require a showing of specific intent.  (*People v. Williams* (2001) 26 Cal.4th 779, 788 (*Williams*).)  Instead, assault requires only that the act itself was intentional, and that the would-be assaulter was aware that his or her conduct would probably and directly result in violent injury.  (*Id.* at p. 790.)  Violent injury is any wrongful act which uses physical force against the person of another.  (*People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. 12 (*Rocha*).)  To commit assault, a person must attempt to use some physical force, even if the violent injury is not actually completed.  (See *ibid.*, relying on *People v. Bradbury* (1907) 151 Cal. 675, 676–677 (*Bradbury*).)

---

[2]  The People here assert that their concession in *Brown*, *supra*, 245 Cal.App.4th 140, was improvident.

[3]  We recently disapproved on other grounds the Court of Appeal opinion below.  (See *People v. Wiley* (2025) 17 Cal.5th 1069, 1086.)

A critical component of assault is the defendant's immediate and present ability to commit an injury. (*People v. Rundle* (2008) 43 Cal.4th 76, 143–144.) Present ability is met when " ' "[t]he next movement would, at least to all appearance," ' " cause the threatened injury. (*Williams*, *supra*, 26 Cal.4th at p. 786, italics omitted.) A person who points an unloaded gun at someone else does not commit assault because that person does not have the *immediate* opportunity to injure by shooting. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11, fn. 3.)

Assault has a clear relationship to battery, defined by section 242. "A battery is any willful and unlawful use of force or violence upon the person of another." (§ 242.) Battery is merely assault taken to its logical next step — the actual application of force. (*People v. Colantuono* (1994) 7 Cal.4th 206, 216.) Because battery requires all the elements of assault, assault is a lesser included offense of battery. (*Id.* at pp. 216–217.)

Section 69 has remained substantially the same since its contemporaneous enactment with sections 240 and 242. Section 69 makes it a crime to "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law" and to "knowingly resist[], by the use of force or violence, the officer, in the performance of his or her duty." (§ 69(a).) Accordingly, there are two ways to violate section 69.

The first manner of violation is broad, encompassing attempts to deter or hinder an officer in the performance of their duty, even if that officer has not yet begun to act. (*In re Manuel G.* (1997) 16 Cal.4th 805, 814–815, 817) A defendant does not need to use force or violence to violate section 69 in this way,

since the deterrence may be accomplished by mere threats. (*People v. Smith* (2013) 57 Cal.4th 232, 240–241 (*Smith*).) We have explained this prong "encompasses attempts to deter *either* an officer's *immediate* performance of a duty imposed by law *or* the officer's performance of such a duty at some time *in the future*." (*In re Manuel G.*, at p. 817.) Relatedly, "the relevant factor is simply the lawfulness of the official conduct that the defendant (through threat or violence) has attempted to deter, and not the lawfulness (or official nature) of the conduct in which the officer is engaged at the time the threat is made." (*Ibid.*)

By contrast, the second prong of section 69 punishes "[e]very person . . . who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty." (§ 69(a).) Two distinctions from the first prong are clear. First, the second prong proscribes conduct that must rise above the level of mere threats. (*Smith*, *supra*, 57 Cal.4th at p. 241.) Second, the officer must be engaged in the performance of a lawful duty at the time of the resistance. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217.) Because Morgan was charged only with resistance by force or violence of an officer in the performance of his or her duty, we are concerned with only the second prong of the statute. The first prong, however, remains relevant in analyzing the legislative intent behind the second.

This case arises out of defendant Henry Morgan's conduct and eventual arrest on June 17, 2021. On that day, California Highway Patrol Officer Matthew Goulding was patrolling an area of Sonoma County in his marked vehicle when he observed two men in an apparent stand-off in an empty lot. Morgan was holding a knife and standing about eight to ten feet away from another man, who was holding a rock in his raised hand. Officer

4

Goulding exited his vehicle and drew his gun. He ordered both men to drop their weapons and get on the ground, and they complied. As Officer Goulding approached them, Morgan stood up, ignoring the officer's repeated commands, got into a nearby vehicle, and drove away.

Morgan returned as Goulding was arresting the second man and other officers were arriving on the scene. Morgan exited the car, yelling at the officers, and eventually drew a handgun. During his testimony at trial, Morgan claimed he wanted an officer to kill him. He testified that he "instantly just grabbed the gun and pointed it at them, . . . cocked it back, pulled the trigger so it could look like [he] was — so it could look like in a menacing manner so [he] could just instantly get killed." Officers at the scene testified that Morgan waved the gun throughout the interaction and repeatedly ignored the officers' commands to drop the weapon. At least once, Morgan pointed the gun directly at an officer, who heard an audible click when Morgan pulled the trigger, but the gun never discharged.

Morgan eventually got back into his vehicle and drove away. Officers pursued Morgan and arrested him after he exited his vehicle and attempted to escape on foot. At the time of his arrest, Morgan did not have a gun. Officers later found a pistol in the front passenger seat of Morgan's car. The firearm was unloaded, and no ammunition was found on Morgan's person or in the vehicle.

Morgan was charged with three counts of resisting an executive officer in violation of section 69(a) "in that [he] did knowingly resist by the use of force and violence" three separate officers in the performance of their duties. The information also

alleged that Morgan personally used a gun while resisting the officers.[4] (§ 12022.5, subd. (a).)

After the close of the prosecution's case, the defense moved under section 1118.1 for a judgment of acquittal on each of the three resisting counts. Defense counsel argued that assault was a lesser included offense of resisting an officer by force or violence. (*Morgan*, *supra*, 103 Cal.App.5th at p. 502.) Counsel went on to assert that under established precedent interpreting the assault statute, Morgan could not have committed assault with an unloaded firearm. (*Ibid.*) Because the prosecution presented no evidence that Morgan's gun was ever loaded, Morgan could not be convicted of assault. (*Ibid.*) Therefore, defense counsel concluded that Morgan was entitled to a judgment of acquittal on the "greater" charges of resisting an officer by force or violence. (*Ibid.*) Morgan relied primarily on *Brown*, in which a Court of Appeal accepted the People's concession that assault was a lesser included offense of resisting an executive officer. (See *Brown*, *supra*, 245 Cal.App.4th at p. 153.) The trial court denied Morgan's motion for a judgment of acquittal, reasoning that resisting an officer by force may not always constitute an assault. (*Morgan*, at p. 503.) The court also declined to instruct the jury on assault as a lesser included offense. (*Ibid.*)

The jury found Morgan guilty of one count of resisting Officer Goulding but could not reach a verdict on the other two counts. Morgan was sentenced to an aggregate term of seven years four months in prison.

---

[4] Morgan was also charged with and convicted of other offenses not at issue here.

Morgan appealed his conviction, again asserting that assault is a lesser included offense of resistance by force or violence under section 69. (*Morgan, supra,* 103 Cal.App.5th at p. 503.) The Court of Appeal declined to follow *Brown,* noting that the analysis in that case was merely a "single sentence." (*Morgan,* at p. 505.) The court also rejected Morgan's interpretation of section 69 on multiple grounds. Morgan argued that the "force or violence" prohibited in section 69(a) was equivalent to the "force or violence upon the person of another" contemplated in the Penal Code's battery provision, section 242. (*Morgan,* at p. 507.) The court disagreed, noting that despite enacting sections 69, 240, and 242 contemporaneously, the Legislature had declined to include assault's "present ability" (§ 240) or assault and battery's on or upon "the person of another" (§§ 240, 242) elements in section 69. (*Morgan,* at pp. 507–509.) The court also found relevant that the Legislature has used the term "assault" in other statutes prohibiting the use of force against officers but did not use the term in section 69. (*Morgan,* at p. 508.) Because a "strong inference arises that a different meaning was intended" when the legislature uses distinct words or phrases in contemporaneous legislation, the court therefore concluded that section 69 has no requirement of "a threshold quantum of force or violence, or the use of force or violence 'upon the person of' the officer." (*Morgan,* at p. 508.)

The Court of Appeal then reasoned that section 69 used "force or violence" not in any particular legal fashion, but rather in the common usage. (*Morgan, supra,* 103 Cal.App.5th at p. 512.) Accordingly, the court asked whether the common usage of "force or violence" in section 69 could include conduct that does not constitute assault under section 240. (*Morgan,* at p.

512.) The court determined that section 69's text and general purpose of punishing delay or obstruction of executive officers indicated a legislative intent to criminalize conduct beyond the scope of section 240. (*Morgan,* at p. 512.) The court reasoned that public policy did not support narrowing section 69 to exclude forcible or violent resistance that did not meet the elements of assault. (*Morgan,* at p. 513.) Concluding assault was not a lesser included offense of resisting an officer, the Court of Appeal held that Morgan was not entitled to a judgment of acquittal on the resisting charge based on the insufficiency of evidence supporting assault. (*Ibid.*) Morgan timely appealed, asking this court to resolve the apparent conflict between the opinion below and the reasoning in *Brown, supra,* 245 Cal.App.4th 240.

## II.

Section 69(a) proscribes a range of conduct including resisting, deterring, or obstructing an executive officer in the immediate or future performance of his or her duty. At one end of the continuum of prohibited conduct, section 69(a) criminalizes attempted deterrence or hindrance by "*threat* or violence" (first prong), and at the other end, actual resistance by "*force* or violence" (second prong). (Italics added.)

Morgan argues that resistance by the use of force or violence always requires an assault. He focuses only on the second prong of section 69(a) because the first clearly does not require the use or attempted use of force and accordingly lacks a required element of assault. He argues instead that the third amended information, which charged him with only the force or violence prong of the statute, necessarily included the lesser

charge of assault. To do so, he relies on the "accusatory pleading test."

The People contest Morgan's ability to raise this issue because the accusatory pleading test has not previously been used to challenge the sufficiency of the evidence supporting a conviction. Even assuming the accusatory pleading test applies here, the People contend that resisting by force or violence does not require several essential elements of assault and therefore assault is not a lesser included offense of such resistance.

We agree with the People that resistance by force or violence under section 69 does not necessarily include the crime of assault. Forcefully resisting an officer does not require the "present ability" (§ 240) to commit injury, an essential element of assault.[5] Because we reject Morgan's claim as to the lesser included offense, we do not address whether the accusatory pleading test can apply in a challenge to the sufficiency of the evidence.

We review the interpretation of a statute de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) As with all cases of statutory interpretation, " ' " ' "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose." ' " ' " (*People v. Braden* (2023) 14 Cal.5th 791, 804.) "We first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' " (*People v. Gonzales* (2018) 6 Cal.5th 44, 49–50.)

---

[5] We do not address the additional conclusions reached by the Court of Appeal, including its analysis of the meaning of "force or violence" and the "on the person" element of assault.

When interpreting a criminal statute, we bear in mind that " '[e]very crime consists of a group of elements laid down by the statute or law defining the offense and every one of these elements must exist or the statute is not violated.' " (*People v. Anderson* (2009) 47 Cal.4th 92, 101.) In short, a criminal offense is "a collection of specific factual elements that the Legislature has chosen to define as a crime." (*Ibid.*)

Morgan raises the same "tripartite argument" he pursued below: (1) section 69(a)'s second prong requires an assault; (2) assault cannot be committed with an unloaded firearm and there was no evidence he used a loaded gun to resist the officers; and (3) the evidence was therefore insufficient to support the charged offenses under section 69(a)'s second prong. (See *Morgan*, *supra*, 103 Cal.App.5th at p. 503.) Because we conclude his first premise is incorrect, his challenge to his conviction fails.

Morgan concedes that assault is not a lesser included offense of the first prong of section 69(a). Assault requires proof of a " 'wrongful act committed by means of physical force against the person of another.' " (*Rocha*, *supra*, 3 Cal.3d at p. 899, fn. 12.) By contrast, attempting by threat or violence to deter or prevent an officer from performing his or her duty does not require the use of physical force. (*Smith*, *supra*, 57 Cal.4th at p. 240.) Because the use of physical force is not required to violate section 69, Morgan cannot and does not challenge the first prong. (See also *Brown*, *supra*, 245 Cal.App.4th at p. 152.)

The People argue that Morgan's challenge fails procedurally because Morgan inappropriately invokes the "accusatory pleading test," a judicially created tool for determining whether a lesser included offense exists. (See

*People v. Reed* (2006) 38 Cal.4th 1224, 1228.) This dispute, however, does not bear on the legal issue we resolve here.

Morgan relies on the statutory text of the second prong of section 69(a), asserting that resisting an officer by "the use of force or violence" necessarily includes assault on the officer in the course of resistance. (*Ibid.*) The lower courts appropriately resolved this challenge on the first premise of Morgan's argument — whether such text properly includes all required elements of assault. (See *People v. Stevens* (2007) 41 Cal.4th 182, 200 [" 'The standard applied by a trial court in ruling upon a motion for judgment of acquittal pursuant to section 1118.1 is the same as the standard applied by an appellate court in reviewing the sufficiency of the evidence to support a conviction, that is, "whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged." ' "].) We do the same.

We conclude that the second method of violating section 69(a) can be committed without also committing an assault. Accordingly, we neither consider nor resolve whether the accusatory pleading test applies in a sufficiency of the evidence challenge because Morgan's argument does not succeed on the merits.

Assault is not a lesser included offense of resisting an officer by force or violence because such resistance does not require a present ability to cause injury. Section 69(a)'s resistance by "the use of force or violence" language makes no mention of present ability. Morgan finds little support from case law, as *Brown* offered only a cursory analysis after the People conceded the issue for the purposes of appeal. (See *Brown*,

*supra*, 245 Cal.App.4th at p. 153.) The People here offer the better interpretation of section 69 as proscribing conduct that may overlap with, but can be entirely distinct from, assault.

The plain language of violating section 69(a) "by the use of force or violence" does not support Morgan's conclusion that the Legislature intended to target only conduct constituting assault on executive officers. Morgan argues the phrase "force or violence" requires assault on the officer in the course of resistance. In his view, the Legislature intended to codify the common law definitions of the terms "force" and "violence," which were both synonymous with "physical force." (See *Stokeling v. United States* (2019) 586 U.S. 73, 78; *Bradbury*, *supra*, 151 Cal. at pp. 676–677.) Because battery is "any willful and unlawful use of force or violence upon the person of another" (§ 242), and assault is an unrealized battery, Morgan concludes that the Legislature had assault in mind when it included "force or violence" in section 69(a). The People argue that the phrase "force or violence" in section 69(a) has a distinct meaning from "force or violence" in the assault and battery contexts. The People and the Court of Appeal conclude that the terms force and violence are subject to their ordinary meanings and thus do not require physical force. (*Morgan*, *supra*, 103 Cal.App.5th at p. 512.) The People further reason that section 69(a) does not require a showing of attempted physical force, a required element of assault, and that the second prong can punish conduct that is merely violent.

Even accepting for the sake of argument Morgan's interpretation of "force or violence" as requiring physical force, section 69(a) still reasonably embraces conduct that may not constitute an assault under section 240. Assault requires additional elements beyond merely the attempted application of

force. As demonstrated below, Morgan's arguments fail due to assault's "present ability" requirement.

Assault requires a "present ability[] to commit a violent injury on the person of another." (§ 240.) The "present ability" element "is satisfied when 'a defendant has attained the means and location to strike immediately.'" (*People v. Chance* (2008) 44 Cal.4th 1164, 1168.) In the context of assault, "immediately" means the defendant must be quite close to committing the threatened injury. (*Id.* at pp. 1172–1173.) While this temporal question deals with a "continuum" of conduct and is accordingly fact specific, we have generally held the present ability is met when a defendant can commit the injury in only a few further steps or actions. (*Id.* at p. 1173.) There is no requirement, however, that courts reach that fact-bound inquiry where the only charge is forceful or violent resistance.

Morgan contends that resistance by "the use of force or violence" under section 69(a) requires the defendant to have the "present ability to commit a violent injury on the person of another" (§ 240), despite the absence of this language in the statute. He argues the difference between the attempt prong and the resisting by "the use of force or violence" prong of section 69 is present ability. To hold otherwise, in his view, would erase any distinction between the two categories of conduct proscribed by the statute.

The People disagree, observing that the Legislature chose not to include any "present ability" language in section 69(a). We agree this absence is dispositive. Nothing in the text of the statute supports a "present ability" requirement. A defendant may resist an officer by the use of force or violence without having the present ability to commit a violent injury. The use

of force or violence prong would still be met if a defendant, for example, threw a brick or fired a gun at an officer who was too far away to be injured. Interpreting the statutory prong to cover such conduct hews closer to the legislative purpose of proscribing violent conduct designed to hinder or resist arrest.

Our decision in *People v. Licas* (2007) 41 Cal.4th 362 (*Licas*) is instructive. At issue in *Licas* was whether the trial court erred by failing to instruct the jury on assault with a firearm (§ 245, subd. (a)(2)) as a lesser included offense of shooting at another person from a vehicle (§ 12034, subd. (c)). (*Licas*, at p. 366.) Penal Code former section 12034, subdivision (c) established that "[a]ny person who willfully and maliciously discharges a firearm from a motor vehicle at another person other than an occupant of a motor vehicle is guilty of a felony punishable by imprisonment in state prison for three, five, or seven years." (Repealed by Stats. 2010, ch. 711, § 4, eff. Jan. 1, 2012.) Section 245, subdivision (a)(2) punished "[a]ny person who commits an assault upon the person of another with a firearm."

We first looked to the text of the "greater" offense, outlined in former section 12034, subdivision (c). We noted that the provision contained no "present ability" requirement, an element incorporated into section 245 by its mention of "assault." (*Licas, supra*, 41 Cal.4th at p. 367.) We then noted that the assault provision (§ 240) had maintained the "present ability" element since its 1872 enactment. (*Licas*, at p. 367.) We reasoned that the Legislature "presumably was aware of the present-ability requirement in the closely related assault statute, but intended to omit it as an element of the shooting offense." (*Ibid.*; see also *People v. Overstreet* (1986) 42 Cal.3d 891, 897 (*Overstreet*) ["[T]he Legislature is deemed to be aware

of existing laws" and is presumed to enact statutes against the backdrop of prior judicial decisions.].)  Therefore, nothing in the statutory text supported the incorporation of a "present ability" requirement into former section 12034.  (*Licas*, at p. 367.)

We likewise rejected the argument that former section 12034 functionally required present ability by requiring shooting "at" another person.  (*Licas*, *supra*, 41 Cal.4th at p. 370.)  We noted that present ability connotes the actual "*attainment* of the means and location to strike immediately." (*Ibid.*)  We then reasoned that a defendant who is in a position to shoot "at" another person might not actually have the means to hit his or her target if, for example, the target is out of range. (*Ibid.*)  Accordingly, the word "at" did not require "immediate presence or a location necessarily within striking distance of an intended target."  (*Ibid.*; see also *In re Daniel R.* (1993) 20 Cal.App.4th 239, 247 [concluding "assault with a deadly weapon is not necessarily included in the crime of willfully and maliciously discharging a firearm at an occupied vehicle"].) Based on this missing element, we therefore concluded that assault with a firearm was not necessarily included in the offense of shooting at another person from a vehicle.  (*Licas*, at pp. 370–371.)

Similar considerations apply to section 69.  The second prong of section 69(a) prohibits knowing resistance, "by the use of force or violence, [of] the officer, in the performance of his or her duty."  The statute, as originally enacted contemporaneously with section 240, does not mention the terms "assault" or "present ability."  We agree with the People that such omissions from section 69, which concerns criminal conduct related to assault, signals differing legislative intent across the two provisions.  (See *Richfield Oil Corp. v. Crawford*

(1952) 39 Cal.2d 729, 735; *In re C.H.* (2011) 53 Cal.4th 94, 107 ["When the Legislature uses different words or phrasing in contemporaneously enacted statutory provisions, a strong inference arises that a different meaning was intended."], superseded by statute on another ground as stated in *In re Edward C.* (2014) 223 Cal.App.4th 813, 824.)

Unlike the statute in *Licas,* section 69's enactment does not postdate section 240's passage. Although not conclusive, the Legislature's choice to repeatedly amend section 69, yet leave the statute's substantive elements unchanged, is relevant to our task of discerning legislative intent. The Legislature amended section 69 in 1957, 1976, 1983, 2011, and 2015, modifying the penalty provisions but leaving the elements of the offense essentially unchanged. Lawmakers did not add a "present ability" requirement to conform to the statutory elements of assault*,* even after we declined to infer a "present ability" requirement in an analogous situation in *Licas*, *supra*, 41 Cal.4th at pp. 370–371. Such inaction supports the inference that the Legislature did not intend to incorporate a present ability requirement into section 69. (See *Overstreet*, *supra*, 42 Cal.3d at 897.)

Nor does the word "resist[]," when paired with "the use of force or violence" in section 69(a), functionally incorporate a "present ability" requirement. Resistance by force or violence does not " 'necessarily connote immediate presence or a location necessarily within striking distance of an intended target.' " (*Licas*, *supra*, 41 Cal.4th at p. 369.) One can resist an officer who is "beyond the reasonable range" of immediate physical force or violence. (*Ibid*.) For example, a defendant might resist by throwing a brick at the officer, even though the target officer is too far away to be potentially injured. This act would

constitute resistance of the officer by means of force or violence, but the "present ability" requirement would remain unsatisfied.

Defendant suggests the example above is a violation of the *first* prong of section 69(a), but not the *second*. However, "present ability" is not necessary to distinguish between the "attempt" prong and the resistance by "the use of force or violence" prong of section 69(a). Again, *Licas* is informative. We reasoned that although firing a gun "at" another person from a vehicle carries a *risk* of immediate violent injury, it does not *necessarily* require a present ability to commit a violent injury on another. (*Licas*, *supra*, 41 Cal.4th at p. 370.) Likewise, resisting by means of force or violence may often include the risk of injury, but does not necessarily require a present ability, as is the case for assault.

In Morgan's view, declining to interpret the resisting by "the use of force or violence" prong of section 69(a) as requiring "present ability" would render it mere surplusage of the "attempt" prong of the statute. (See *People v. Fontenot* (2019) 8 Cal.5th 57, 73 ["[W]henever reasonably possible, courts avoid reading statutes in a way that renders 'meaningless' language the Legislature has chosen to enact."].) This critique is unpersuasive.

Our interpretation retains the independent meaning of each statutory prong. In contrast to actual resistance, the first prong still encompasses mere threats without any use of force. (*Smith*, *supra*, 57 Cal.4th at pp. 240–241.) In addition to proscribing different swathes of conduct, the two prongs impose distinct temporal requirements, as discussed above. "[A] person who telephones an off-duty officer at his or her home and threatens to kill the officer if he or she continues to pursue a

lawful investigation the following day or week may be convicted of the first type of offense under section 69, even though the officer was not engaged in the performance of his or her duties at the time the threat was made." (*In re Manuel G.*, *supra*, 16 Cal.4th at p. 817.) Although the second prong does not encompass the present ability element of assault, forceful resistance must occur while the officer is actually in the performance of a lawful duty. (See *id.* at p. 818.)

The potential for some overlap between the "attempt" and resisting by "the use of force or violence" prongs of section 69(a) does not require a different result. Morgan acknowledges potential scenarios "that would be a violation of both offenses." This concession is well-taken. The Legislature can freely employ " 'a belt and suspenders approach' " to accomplish its goals. (*Garland v. Gonzalez* (2022) 596 U.S. 543, 564 (conc. & dis. opn. of Sotomayor, J.).) The Legislature could have rationally chosen to include some redundancy in the statute to criminalize a broad range of actions that hinder law enforcement. (See *Atlantic Richfield Co. v. Christian* (2020) 590 U.S. 1, 14, fn. 5; see also *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1157 ["The Legislature is a pragmatic political body; its primary concern is . . . to accomplish practical results"].) Morgan's actions here highlight the Legislature's practical concerns. As discussed above, firing a weapon at an officer who is out of range, for example, constitutes both an attempt to deter or prevent officers from performing their duty *and* forceful or violent resistance. The Legislature reasonably chose to criminalize such conduct under both prongs of section 69.

Nor does case law support a "present ability" requirement in section 69(a). Morgan argues that the court below erred by

refusing to follow the reasoning in *Brown*, where a different Court of Appeal construed section 69 to include assault when the charged crime was resisting an officer by force or violence. (*Brown*, *supra*, 245 Cal.App.4th at p. 153.) In that case, Brown successfully convinced the Court of Appeal that the trial court should have sua sponte instructed the jury on simple assault as a lesser included offense. (*Id.* at p. 149.)

We do not find *Brown* persuasive. Notably, the People in *Brown* conceded for the purposes of appeal that " 'section 240 was a necessarily included offense of section 69 as alleged in the amended information.' " (*Brown*, *supra,* 245 Cal.App.4th at p. 153.) The *Brown* court therefore did not elaborate on its reasoning, nor did it analyze the text of either statute. (See *ibid.*) With the benefit of full briefing from the People and the reasoning of the *Morgan* Court of Appeal, it is clear that forceful resistance under section 69 does not require a "present ability" to inflict injury. The paucity of reasoning in *Brown*, although it reaches Morgan's desired result, is no answer to this missing statutory element.

*Brown* relied on one case, *Smith*, *supra*, 57 Cal.4th 232, which is similarly unconvincing here. (*Brown*, *supra*, 245 Cal.App.4th at p. 153.) In that case, we analyzed a different offense: the act of resisting an officer in the performance of the officer's duty or employment, also known as simple resisting. (§ 148, subd. (a)(1) [prohibiting "willfully resist[ing], delay[ing], or obstruct[ing] any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment"].) We held that simple resisting was a lesser included offense of the resisting by "the use of force or violence" prong of section 69. (*Smith*, at pp. 240–242.) Notably, the *Smith* court made no mention of assault or the present ability to

commit a violent injury. In contrast to the defendant in *Smith*, Morgan can cite to no clear textual similarities between section 69 and section 240. Accordingly, *Smith* has no bearing on our interpretation here.

Assault, which requires a present ability to cause injury, is not a lesser included offense of knowingly resisting an officer by the use of force or violence in violation of section 69, which does not.[6]

### III.

The judgment of the Court of Appeal is affirmed.

**EVANS, J.**

**We Concur:**

**GUERRERO, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**TUCHER, J.**[*]

---

[6] We disapprove *People v. Brown, supra,* 245 Cal.App.4th 240 to the extent it is inconsistent with this opinion.

[*] Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Morgan

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 103 Cal.App.5th 488
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S286493
**Date Filed:** February 26, 2026

_____

**Court:** Superior
**County:** Sonoma
**Judge:** Bradford J. DeMeo

_____

**Counsel:**

Michael Allen and Maria Leftwich, under appointments by the Supreme Court, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Seth K. Schalit, Donna M. Provenzano, David H. Rose and Basil R. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Maria Leftwich
First District Appellate Project
1212 Broadway, Suite 1200
Oakland, CA 94612
(415) 495-3119

Basil R. Williams
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3885